CONSOLIDATED RAIL CORPORATION, Plaintiff,

v.

QIT–FER TITANE, INC. and Consolidation Coal Sales Company, Defendants.

No. CIV.A. 00–338.

United States District Court, E.D. Pennsylvania.

July 19, 2001.

John K. Fiorilla, Watson, Stevens, Fiorilla & Rutter, New Brunswick, NJ, for plaintiff.

Kenneth A. Murphy, Miller, Alfano & Raspanti, P.C., Philadelphia, PA, for defendants.

### *Memorandum And Order*

GILES, Chief Judge.

Upon consideration of Consolidated Rail's Motion for Partial Summary Judgment on the Counterclaim (Docket # 16) and the response filed thereto, the motion is DENIED.

On May 1, 1991, Consolidated Rail and Consolidated Coal entered into a "Transfer and Storage Agreement" which detailed each party's responsibilities in the transfer and storage of coal. Section 9(e) of the Agreement required Consolidated Rail to pay four million dollars in terminal fees per contract year. This amount was based on certain minimum coal tonnages that were to be delivered to the Consolidated Coal terminal by Consolidated Rail. In a counterclaim, Consolidated Coal alleges that Consolidated Rail did not meet its obligation to pay four million dollars in terminal fees per year.

Consolidated Rail filed the present motion to dismiss the counterclaim based on its interpretation of the Agreement. Section 10 of the Agreement excuses a party from fulfilling its obligations thereunder if it is "totally or partially unable to carry out its obligations" because of a governmental act or other similar act that is "beyond the reasonable control of the party."

On June 23, 1997, Consolidated Rail, CSX Transportation Inc., and Norfolk Southern Corporation sought approval from the Surface Transport Board, as is required by 49 U.S.C. § 11321–25, for the acquisition of Consolidated Rail by CSX and Norfolk Southern. The Board approved the joint acquisition and division of Consolidated Rail on July 23, 1998. Therefore, Consolidated Rail alleges that the Board's approval of the acquisition and division was a government act that was beyond its control and was one that prevented it from fulfilling its obligation to pay the amount of terminal fees otherwise due under the contract because Consolidated Rail had ceased to exist as a business entity.

Considering the facts in the light most favorable the non-moving party, this court does not find that the acquisition and division approval by the Board absolved Consolidated Rail from its contractual obligation to conduct a particular amount of business with Consolidated Coal. Consolidated Rail requested that the Board approve the acquisition and distribution. This approval cannot be said to have been "beyond the reasonable control" of Consolidated Rail since it was Consolidated Rail who requested the approval. More importantly, Consolidated Rail has not alleged that as a matter of law its acquisition absolved it or its successors from contractual liabilities, if any, to Consolidated Coal or that it was precluded by law from requiring its successors to stand in its shoes for purposes of any liability.